UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA BEJARANO,

Plaintiff,

-against-

BANK OF AMERICA,

Defendant.

26-CV-3884 (GBD)

ORDER OF DISMISSAL

**George B. Daniels, United States District Judge:**

Plaintiff, appearing *pro se*, brings this action under Article I, Section 10, of the United States Constitution, as Trustee of the Joshua Bejarano Revocable Living Trust, seeking payment of a "$1,000,000.00 security agreement lien violation" from Defendant. (Tr. Notice Response ("TRN"), ECF No. 7, at 1.) By order dated May 13, 2026, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Ord. Granting IFP Application, ECF No. 6.) For the following reasons, this Court dismisses the complaint.

**STANDARD OF REVIEW**

This Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when it lacks subject matter jurisdiction over the claims raised. Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in

original). But this "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), is limited. *Pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, this Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* This Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, this Court must determine whether those facts make it plausible–not merely possible–that the pleader is entitled to relief. *Id.*

## FACTUAL BACKGROUND

The following facts are drawn from the complaint,[1] which Plaintiff styles as a "Trust Notice Response." Plaintiff lives in Jefferson County, Colorado. (Complaint, ECF No. 1, at 1.) Plaintiff alleges the following against Defendant Bank of America: "I have not heard anything back about the defendant responding therefore I motion the Court to enforce the default judgment getting the company to pay the $1,000,000.00 security agreement lien violation within 30 days from the day the notice is delivered to their address." (*Id.* at 1.)

[1] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

As for the basis of subject matter jurisdiction, Plaintiff invokes the Court's federal question jurisdiction by asserting his claim under the Contract Clause of the United States Constitution. (Civ. Cover Sheet, ECF No. 2.) Plaintiff also asserts diversity jurisdiction, indicating that he is a citizen of another state and that Defendant is incorporated or has a principal place of business in this state. (*Id.*)

Plaintiff's prior action against Defendant was dismissed after Plaintiff failed to submit a signed complaint. *Bejarano v. Bank of Am.*, No. 26-CV-1983, ECF No. 6 (S.D.N.Y. Apr. 17, 2026.) Plaintiff has also alleged the same violation of a $1 million lien against against four different companies in four separate actions. *See Bejarano v. Barclay*, No. 1:26-CV-03886 (S.D.N.Y. filed May 8, 2026); *Bejarano v. Digit. Fed. Credit Union*, No. 1:26-CV-11211 (D. Mass. filed Mar. 10, 2026); *Bejarano v. Bluevine*, No. 2:26-CV-02736 (D.N.J. filed Mar. 10, 2026); *Bejarano v. Aragon Agency Inc.*, No. 2:26-CV-00666 (D. Nev. filed Mar. 10, 2026).

## PLAINTIFF'S COMPLAINT IS FRIVOLOUS

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i); *see Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989) (holding that a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory" (internal quotation marks and citation omitted)); *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (holding that a complaint must set forth facts showing basis for information and belief). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Plaintiff's allegations, even under the most liberal construction, are frivolous because they lack an arguable basis in law or fact. Plaintiff alleges no facts to show that his rights under the

Contract Clause were violated, much less implicated. Plaintiff's claim is therefore based on a meritless legal theory. Nor does Plaintiff show the basis for information and belief for his factual allegations; this Court is not obligated to accept Plaintiff's conclusory allegations that the parties entered into a security agreement, much less that Plaintiff had a default judgment entered against Defendant for $1 million. These factual contentions are baseless. This Court therefore dismisses the action as frivolous.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend his complaint.

This Court again warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions IFP without first receiving permission to do so. *See* 28 U.S.C. § 1651.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). This Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court to enter judgment in this case.

**SO ORDERED.**

Dated: JUL 07 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge